UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY D. MITCHELL, Jr., | No. 2:21-cv-1475-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DANIEL E. CUEVA, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Following the dismissal of his original complaint on screening[1] (ECF No. 7), plaintiff has filed an amended complaint (ECF No. 10), which the court must now screen. Plaintiff's amended complaint alleges that California Penal Code § 3051(h) is being unconstitutionally applied to him in violation of his right to due process and equal protection, and to be free from cruel and unusual punishment. As discussed below, plaintiff's amended complaint must be dismissed with leave to amend for failure to state a claim upon which relief could be granted.

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Background

When plaintiff was 18 years old, he was convicted in state court of first degree murder and robbery. ECF No. 10 at 3. He was sentenced to life in prison without the possibility of parole ("LWOP"). *Id.* Through the instant complaint, plaintiff claims he is entitled to a "youth offender parole hearing" pursuant to California Penal Code section 3051. He claims he has been denied such a hearing because of section 3051(h), which excludes from eligibility individuals who were sentenced to life in prison without the possibility of parole and who were at least 18 years old when they committed their offense. Plaintiff claims that denying him a youth offender parole hearing violates his rights under the Due Process and Equal Protections Clauses of the Fourteenth Amendment and his right to be free from cruel and unusual punishment protected by the Eighth Amendment.

Discussion

I.    Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979). State statutes, however, may create liberty interests in parole release entitled to protection under the federal Due Process Clause. *Id.* at 12; 442 U.S. at 12; *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 371). Indeed, the Ninth Circuit has held that California's statutory provisions governing parole create such a liberty interest. *See Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc), *disapproved on other grounds*, *Swarthout v. Cooke*, 562 U.S. 216 (2011).

/////

California Penal Code section 3051 generally provides that any individual serving a sentence imposed for a crime committed when the individual was under the age of twenty-five may obtain a "youth offender parole hearing." Such eligibility, however, does not extend to cases, such as plaintiff's, where the "individual [was] sentenced to life in prison without the possibility of parole." Cal. Pen. Code § 3051(h). Thus, plaintiff does not have a protected liberty interest in parole, and cannot state a viable due process claim.

II.     Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Where the policy at issue does not adversely affect a suspect class or impinge upon a fundamental right, such as here, it need only be rationally related to a legitimate state objective. *See Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (state policy "is valid if it is reasonably related to legitimate penological interests"); *see also Allen v. Kernan*, No. CV 16-4803 AB (RAO), 2016 U.S. Dist. LEXIS 156452, 5, n.3 (C.D. Cal. Oct. 5, 2016) ("Prisoners who are or are not eligible for parole are not a suspect class."); *Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989) ("parole consideration is not a fundamental right"); *Adams v. Frauenheim*, No. 17-cv-1289-EMC, 2018 U.S. Dist. LEXIS 100229, *14 (N.D. Cal. June 14, 2018) (applying rational basis review to LWOP petitioner's claim that section 3051 violated the Equal Protection Clause).

Plaintiff claims he is being treated differently from offenders who also committed their crimes at age 18. ECF No. 10 at 4. What differentiates plaintiff from the offenders who were also 18 years old at the time of their offenses but are eligible for a youth offender parole hearing, is plaintiff's sentence of life without the possibility of parole following his conviction of first degree murder with robbery. "[Plaintiff] is not similarly situated to other offenders convicted of different crimes that resulted in the opportunity for parole as part of their sentence." *Thomas v. Arnold*, No. 3:16-cv-02986-WQH-NLS, 2018 U.S. Dist. LEXIS 1159, *15 (S.D. Cal. Jan. 3, 2018); *People v. Jacobs*, 157 Cal. App. 3d 797, 803 (1984) ("Persons convicted of different crimes are not similarly situated for equal protection purposes."); *People v. Jackson*, 61 Cal. App.

3

5th 189, 195–200 (2021) (holding that section 3051 does not violate equal protection by excluding from parole eligibility offenders who were between 18 and 25 years old when they committed an offense for which they were sentenced to life without the possibility of parole). Significantly, plaintiff does not allege that any other offender who is similarly situated to him, i.e., sentenced to LWOP for a crime committed when the offender was at least 18 years old, has been found eligible for a youth offender parole hearing.

Also fatal to plaintiff's claim is plaintiff's failure to show that there is no rational basis for section 3051(h)'s exclusion of offenders who were sentenced to LWOP for crimes committed when they were at least 18 years old. *See Adams*, 2018 U.S. Dist. LEXIS 100229, *15-19 (finding that the reasons for treating young adults sentenced to LWOP different from young adults sentenced to less than LWOP – public safety and improving sentencing for young adult offenders – are rationally related to legitimate state interests); *Maraglino v. Cal.* No. 1:20-cv-00826-SAB(PC), 2020 U.S. Dist. LEXIS 194556, at *13 (E.D. Cal. Oct. 20, 2020), *adopted by* 2021 U.S. Dist. LEXIS 39050 (E.D. Cal. Mar. 1, 2021) ("Because there is a rational basis for sentencing individuals convicted of certain offenses to life without the possibility of parole, Plaintiff's equal protection fails.").

### III. Eighth Amendment Claim

Lastly, plaintiff claims that it is cruel and unusual to treat an 18 year old as an adult and to effectively sentence him to die in prison. ECF No. 10 at 4, 5. Plaintiff's position is not supported by case law. Undoubtedly, it is unconstitutional to sentence a juvenile offender who did not commit homicide to life without parole. *Graham v. Florida*, 560 U.S. 48, 74 (2010). But plaintiff was not a juvenile offender and he did commit homicide. *See Roper v. Simmons*, 543 U.S. 551, 574 (2005) ("The age of 18 is the point where society draws the line for many purposes between childhood and adulthood."). Young adult offenders, such as plaintiff, do not have a right to the same consideration as juvenile offenders for sentencing purposes. *See Camacho v. Rackley*, No. 17-05168 EJD (PR), 2019 U.S. Dist. LEXIS 200622, *74 (N.D. Cal. Nov. 15, 2019). In short, plaintiff's claim must be dismissed because "the Eighth Amendment does not prohibit a life sentence for a person convicted of murder." *Id.*

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint (ECF No. 10) is DISMISSED with leave to amend within 30 days of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: March 23, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE